UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DERRICK ALLISON (01),<br>LOUISHA CHARLTON (02),<br><br>Defendants. | ) | Criminal Action No. 3:26-cr-114-CHB-RSE-01,02<br><br>**ORDER GRANTING UNOPPOSED MOTION TO CONTINUE TRIAL** |

*** *** *** ***

The Court has received and reviewed the Unopposed Motion of Louisha Charlton to Continue Trial, [R. 20], and Derrick Allison's Response to Louisha Charlton's Motion to Continue Trial, [R. 24]. The Court will grant the Unopposed Motion to Continue Trial, [R. 20], and reset the jury trial for a later date for the following reasons.

Through counsel, Defendant Louisha Charlton requests the jury trial scheduled for November 3, 2026, be continued to a later date "to complete discovery and for counsel to review the discovery, discuss and review same with defendant, and meet with her to advise and counsel her in order to provide constitutionally effective assistance of counsel." [R. 20, p. 1]. Defendant Louisha Charlton's motion represents that the United States has no objection to continuing the jury trial. *Id.* Counsel for Defendant Derrick Allison filed a response to Defendant Louisha Charlton's motion to continue jury trial indicating agreement with the motion because he recently appeared in the case, and "has not had an opportunity to review the discovery or review it with Mr. Allison." [R. 24].

The Court notes that the Indictment was filed on September 2, 2026, and the defendants were arraigned on September 10, 2026. Thus, the Court agrees that additional time is needed for counsel to receive all discovery and to effectively represent the defendants in all pretrial matters.

Therefore, having reviewed the motion, the response, the representation of no objection by the United States of America, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. The Unopposed Motion of Louisha Charlton to Continue Trial, [**R. 20**], is **GRANTED**.

2. **Trial.** The **Jury Trial** that was set to begin on November 3, 2026, is **REMANDED** from the Court's docket, and is **RESCHEDULED** to **Tuesday, January 5, 2027**, **at the hour of 9:00 a.m.**, before the Honorable Claria Horn Boom, United States District Judge, at the Gene Snyder Federal Building in **Louisville, Kentucky**. Counsel **SHALL** be present in the courtroom at 8:30 a.m. This rescheduling applies to **Defendants Derrick Allison and Louisha Charlton.**

3. **Pretrial Filings.** All pretrial filings and deadlines as set forth in the Court's Order Following Arraignment and Scheduling Orders, [**R. 12; R. 13**], **SHALL** be relative to this new trial date. The trial continuance does not affect any defensive-motions deadline set by prior order. Any request for an extension of the defensive-motions deadline should be made by separate motion.

4. **Motions for Change of Plea**. If a defendant intends to enter a plea of guilty, defense counsel SHALL file a motion for change of plea. All motions for change of plea **SHALL** be filed no later than fourteen (14) days before the scheduled trial date, absent good cause. A defendant is advised that failure to comply with this filing requirement will be considered by the Court in determining whether to grant credit for acceptance of responsibility. See U.S.S.G. §3E1.1. Following the filing of a motion for change of plea, and if the parties intend to proceed pursuant

to a written plea agreement, the United States **SHALL** submit a copy of the proposed plea agreement for the Court's review at least **one (1) business day** prior to any hearing on the defendant's motion for change of plea. This document **SHALL** be transmitted as an electronic attachment to boom_chambers@kyed.uscourts.gov.

5. **Speedy Trial Act**. The time between **October 6, 2026** – the filing of the unopposed motion to continue jury trial, and **January 5, 2027** - the new trial date, is **DECLARED** excludable in computing the time within which the trial must commence under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A); (h)(7)(B)(i). This exclusion also applies to **Defendants Derrick Allison and Louisha Charlton**, who are joined for trial and for whom no motion for severance has been granted. 18 U.S.C. § 3161(h)(1)(D); (h)(6). The Court **FINDS** that the ends of justice served by the granting of such continuance outweigh the best interests of the public and Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Specifically, failure to grant the continuance would likely make a continuation of the proceeding impossible or result in a miscarriage of justice, due to the need for defense counsel to receive the discovery, prepare for trial, and effectively represent the defendants in all pretrial matters. 18 U.S.C. § 3161(h)(7)(A); (h)(7)(B)(i). The Court **HOLDS** that Defendant Louisha Charlton's Motion is not made for the purpose of undue delay, nor is this continuance granted "because of general congestion of the Court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(C).

This the 14th day of October, 2026.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Counsel of Record
Jury Administrator
United States Probation Office